**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4886

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ELLIOTT GRAY,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. William D. Quarles, Jr., District Judge. (1:07-cr-00129-WDQ)

Submitted: March 17, 2008          Decided: April 2, 2008

Before WILKINSON and MOTZ, Circuit Judges, and WILKINS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Paresh S. Patel, Staff Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant. Kwame Jangha Manley, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elliott Gray pled guilty pursuant to a plea agreement to possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a) (2000). In accordance with the sentencing range agreed to by Gray in his Fed. R. Crim. P. 11(c)(1)(C) plea agreement, the district court sentenced Gray to 188 months in prison. Gray's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), alleging that he has found no meritorious issues for appeal. The Government has declined to file a responsive brief. Gray has filed pro se supplemental briefs raising several allegations of error by the district court, as well as an ineffective assistance of counsel claim. Finding no error, we affirm.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for review. The district court conducted a thorough Rule 11 hearing, ensuring that Gray's plea was knowing and voluntary, that he understood the terms of his plea agreement, that he understood the rights he was giving up by pleading guilty, and that he committed the offense to which he was pleading guilty.

We also find that the district court's imposition of a 188-month sentence was reasonable because it was imposed pursuant to a properly calculated sentencing range to which Gray agreed in his plea agreement. See Fed. R. Crim. P. 11(c)(1)(C) (providing

that a plea agreement setting forth the appropriate sentencing range is binding on the district court once the plea is accepted); see also Rita v. United States, 127 S. Ct. 2456, 2462 (2007) (holding that a sentence within a properly calculated guidelines range is entitled to a presumption of reasonableness).

Although Gray's pro se supplemental briefs make several allegations of error, we find that none of the allegations raise meritorious issues for appeal. For instance, although Gray claims the district court threatened him to plead guilty, he attested at the Rule 11 hearing that no one threatened or forced him to plead guilty and that he was pleading guilty of his own free will. These statements are presumed true and cannot be overcome by subsequent unsupported allegations. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977); see also United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991) (holding defendant's statement at Fed. R. Crim. P. 11 hearing that he was neither coerced nor threatened was "strong evidence of the voluntariness of his plea").

Gray also summarily states that his attorney was ineffective because he "never provided a defense." An ineffective assistance of counsel claim, however, should be asserted in a post-conviction motion under 28 U.S.C. § 2255 (2000) rather than on direct appeal. See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). Although we have recognized an exception to the general rule when "it 'conclusively appears' from the record that

defense counsel did not provide effective representation," id., the record does not conclusively establish Gray's counsel was ineffective. During the plea colloquy, Gray informed the district court that he was made aware of the charge against him by his attorney, that he discussed the "ways of defending against the charge" against him with his attorney, and that he believed it was in his best interest to plead guilty. Gray also assured the district court that he discussed the terms of his plea agreement with his attorney, and that he was satisfied with his attorney's services. Accordingly, we conclude that Gray's ineffective assistance of counsel claim is not cognizable on appeal. See Blackledge, 431 U.S. at 73-74.

Although there is some indication in the record that counsel believed Amendment 706, which amended U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1, would be beneficial to Gray, Amendment 706 offers Gray no relief. Gray's sentence was properly calculated based on the guidelines in effect at the time of his August 2007 sentencing. See USSG § 1B1.11 (2006).[*]

---

[*]We note that, although Amendment 706 lowered the base offense level for crack offenses effective November 1, 2007, because Gray was properly designated a career offender under USSG § 4B1.1, his base offense level of 34 was determined by the statutory maximum sentence applicable to his offense. See 21 U.S.C. § 841(b)(1)(B) (2000); USSG § 4B1.1(b)(B) (2006). Thus, although Gray's base offense level based on the amount of crack cocaine he possessed would be lower because of Amendment 706, it is ultimately of no consequence.

- 4 -

We therefore affirm the district court's judgment. This court requires that counsel inform his client in writing of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may renew in this court his motion for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED